United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 16-18442-pmm
Candice Elaine Donnelly Knox                                              Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4     User: admin          Page 1 of 2           Date Rcvd: Jul 10, 2020
                         Form ID: 3180W       Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 12, 2020.
```
db              +Candice Elaine Donnelly Knox,    118 Sandpiper Court,    Gilbertsville, PA 19525-8118
smg             +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                  Allentown, PA 18101-1603
smg              City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg             +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg             +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg             +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13841086        +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
13857927        +U.S. Bank N.A., Trustee (See 410),     c/o Specialized Loan Servicing LLC,
                  8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 11 2020 04:20:39
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 11 2020 04:21:09     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13839822         EDI: DISCOVER.COM Jul 11 2020 07:53:00      Discover Bank,    Discover Products Inc,
                 PO Box 3025,    New Albany, OH  43054-3025
14050223         E-mail/PDF: resurgentbknotifications@resurgent.com Jul 11 2020 04:26:44     LVNV Funding LLC,
                 c/o Resurgent Capital Services,    PO Box 10587,    Greenville, SC  29603-0587
13891806         E-mail/PDF: resurgentbknotifications@resurgent.com Jul 11 2020 04:27:12
                 LVNV Funding, LLC its successors and assigns as,    assignee of Citibank, N.A.,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
13904719        +EDI: MID8.COM Jul 11 2020 07:53:00      MIDLAND FUNDING LLC,    PO Box 2011,
                 Warren, MI 48090-2011
13927849         EDI: NAVIENTFKASMSERV.COM Jul 11 2020 07:53:00      Navient PC Trust c/o,
                 Navient Solutions, LLC.,    PO BOX 9640,    Wilkes-Barre, PA 18773-9640
                                                                                              TOTAL: 7
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13907847      ##+Law Office of Stephen Ross, P.C.,    152 E. High Street, Suite 100,    Pottstown, PA 19464-5480
                                                                                              TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 12, 2020                                      Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 9, 2020 at the address(es) listed below:
```
              DENISE ELIZABETH CARLON    on behalf of Creditor    Banc of America Funding Corporation 2007-3,
               U.S. Bank National Association, as Trustee bkgroup@kmllawgroup.com
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              JOSEPH L QUINN    on behalf of Debtor Candice Elaine Donnelly Knox CourtNotices@rqplaw.com
              KEVIN G. MCDONALD    on behalf of Creditor    Toyota Motor Credit Corporation
               bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Toyota Motor Credit Corporation
               bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Banc of America Funding Corporation 2007-3, U.S.
               Bank National Association, as Trustee bkgroup@kmllawgroup.com
```

```
District/off: 0313-4           User: admin              Page 2 of 2              Date Rcvd: Jul 10, 2020
                               Form ID: 3180W           Total Noticed: 15
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        REBECCA ANN SOLARZ    on behalf of Creditor    Banc of America Funding Corporation 2007-3, U.S. Bank National Association, as Trustee bkgroup@kmllawgroup.com
        SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
        THOMAS I. PULEO    on behalf of Creditor    Banc of America Funding Corporation 2007-3, U.S. Bank National Association, as Trustee tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        TOTAL: 10

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Candice Elaine Donnelly Knox**<br>First Name    Middle Name    Last Name | Social Security number or ITIN    **xxx–xx–8986**<br>EIN    _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN    _ _ _ _<br>EIN    _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court    **Eastern District of Pennsylvania** | | |
| Case number:    **16–18442–pmm** | | |

# Order of Discharge                                                                                    12/18

---

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Candice Elaine Donnelly Knox

<u>7/9/20</u>                                                **By the court:**    <u>Patricia M. Mayer</u>
                                                                                  United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**